UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HOWARD COHAN,**

        **Plaintiff,**

v.                                                                                         Case No: 6:25-cv-1258-PGB-RMN

**CIRCLE K STORES INC.,**

        **Defendant.**
_____/

## ORDER

This cause comes before the Court upon *sua sponte* review of the Complaint (Doc. 1 (the "**Complaint**")) filed by Plaintiff Howard Cohan ("**Plaintiff**").

**I.   BACKGROUND**

On July 9, 2025, Plaintiff sued Defendant Circle K Stores Inc. ("**Defendant**"). (*Id.*). In the Complaint, Plaintiff alleges that he is an individual with numerous permanent physical disabilities. (*Id.* ¶ 6). Plaintiff further avers that he visited two of Defendant's Florida locations and was denied "full and equal access and full and equal enjoyment of the facilities and amenities" due to architectural barriers to access in violation of the Americans with Disabilities Act ("**ADA**"). (*Id.* ¶¶ 7, 23–25). Plaintiff separately lists the alleged violations of the ADA that he encountered at each of the two locations, which are located in Lake Mary and Orlando. (*See id.* ¶¶ 4, 27).

## II. DISCUSSION

Upon review of the Complaint, the Court finds that Plaintiff's claims relating to two of Defendant's locations must be severed because there are variations in the factual circumstances underlying each claim.[1] For example, Plaintiff alleges that he encountered different architectural barriers at Defendant's Lake Mary and Orlando locations. (*See id.* ¶ 27).

This Court has broad and inherent discretion to manage its docket and the cases before it. *See Young v. City of Palm Bay*, 358 F.3d 859, 863–64 (11th Cir. 2004); *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1268–69 (11th Cir. 2001). A critical weapon in the Court's docket management arsenal is its discretionary authority to, on just terms, "sever any claim against a party." FED. R. CIV. P. 21; *Est. of Amergi ex rel. Amergi v. Palestinian Auth.*, 611 F.3d 1350, 1367 (11th Cir. 2010) (holding that an effort "to simplify a case that was becoming increasingly unmanageable" was a "sound administrative reason[]" to sever). While Plaintiff's claims involve common factual issues, Plaintiff will need to present individualized proof to succeed on each of his claims, which could lead to logistical issues. For these reasons, severing Plaintiff's claims best serves judicial economy and the interests of justice.

---

[1] Although Plaintiff does not clearly differentiate each claim in his Complaint, he does separately list the alleged ADA violations he identified at each of the stores. (Doc. 1, ¶ 27). The Court finds that Plaintiff's alleged violations amount to separate claims.

2

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff Howard Cohan's claims are hereby **SEVERED**.

2. Plaintiff's claim related to Defendant Circle K Stores Inc.'s Lake Mary location shall remain in the instant case. On or before **July 18, 2025**, Plaintiff shall file an amended pleading in this case limited to his claim regarding Defendant's Lake Mary location.

3. On or before **July 18, 2025**, Plaintiff shall file a separate action limited to his claim related to Defendant's Orlando location.

4. Each case shall relate to only one location, and a filing fee shall be paid for the new case.

5. All cases filed pursuant to this Order shall be assigned to the undersigned Judge and Magistrate Judge Robert M. Norway. At the time the aforementioned new case is filed, Plaintiff's counsel shall provide the Clerk of Court with a copy of this Order and shall notify the Clerk of Court that, pursuant to this Order, the case is to be assigned to the undersigned Judge and Magistrate Judge Norway.

**DONE AND ORDERED** in Orlando, Florida on July 11, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

3

4

Counsel of Record
Unrepresented Parties